### REILLY *et al.* v. DODGE *et al.*

*(Superior Court of New York City, General Term.   April 6, 1891.)*

1. WITHDRAWAL FROM INDEMNIFYING BOND—NOTICE TO SHERIFF.

   A notice to a sheriff that a surety on a bond to indemnify the sheriff from loss by the acts of a deputy declines longer to be such surety, is not a "notice or other paper required to be served on" the sheriff, within Rev. St. N. Y. pt. 3, c. 3, tit. 2, art. 2, § 56, authorizing such notices, etc., to be served by leaving them at the office of the sheriff, and delivering them to any person belonging to such office; and service of the notice on the under-sheriff is not service on the sheriff.

2. INDEMNIFYING BOND TO SHERIFF—DISCHARGE OF SURETY.

   A bond to indemnify a sheriff from loss by the acts of a deputy was conditioned to keep harmless the sheriff touching the execution of such orders, etc., as should be delivered to the deputy during the time he "shall or may, by virtue of the warrant aforesaid, use or exercise the   *   *   *   office of deputy-sheriff."   A surety thereon declining longer to be surety, a new bond was given by the deputy.   *Held*, that the surety was not thereby discharged until the new bond was accepted.

3. SAME.

   Neither was the surety discharged, upon declining to be longer bound as such, by the action of the under-sheriff in notifying the deputy that he should receive no new business, as this did not prevent the deputy from using and exercising his office.

Appeal from judgment on report of referee.

Action by John Reilly and others, as executors of Bernard Reilly, late sheriff of the city and county of New York, against Rufus Dodge, a former deputy of said sheriff, and others, on a bond given to said sheriff to indemnify him against loss from the acts of such deputy.   Plaintiffs appeal from a judgment for defendants entered on trial by a referee.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*Frederick Hemming*, (*Henry Thompson*, of counsel,) for appellants. *Louis M. Doscher* and *W. W. Westervelt*, for respondents.

DUGRO, J. There is not evidence that the plaintiffs' testator, Bernard Reilly, was notified, prior to the commission of the acts complained of, that McDermott declined longer to be a surety. Service of the notice upon the under-sheriff was not service upon the sheriff. Section 56, art. 2, tit. 2, c. 3, pt. 3, does not apply to a notice given by a surety. The notice of the surety is not required to be served on the sheriff as such. If valid for any purpose, it can only be made so by service upon the indemnified individually, and not as an official; for in legal effect the bond was to Bernard Reilly, not to Bernard Reilly as sheriff. The acceptance of the bond of February 5th certainly discharged the former sureties, but this discharge was only operative from the date of the acceptance of the later bond. The condition of the bond in suit is that if the defendants keep harmless Bernard Reilly touching the execution of such orders, etc., as shall be delivered to the defendant Rufus Dodge, during the time the said Dodge "shall or may, by virtue of the warrant aforesaid, use or exercise the * * * office of deputy-sheriff," the bond shall be void; otherwise not, etc. The action of the under-sheriff, in notifying Dodge that he should receive no new business, did not operate to prevent Dodge from using and exercising the office of deputy-sheriff by virtue of the warrant, for it was in fact while he was exercising the office that the acts complained of were committed. The exercise of the office of deputy by Dodge was always more or less controlled by the sheriff, and always properly limited by the business assigned him. It was stipulated that, if the sureties should be determined to be generally liable upon the bond, the amount of the recovery should be the sum of $985.02, with interest from June 6, 1885; the liability of the defendant Dodge to follow the stipulation as to amount. The sureties were liable generally upon the bond, and the plaintiffs were entitled to judgment accordingly. Judgment reversed, order of reference vacated, and a new trial ordered, with costs to abide the event.

All concur